IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARIO AKOTHE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-54-D |
| | ) | |
| WARDEN BEAR, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Judge Erwin finds that the Petition should be summarily dismissed without prejudice because Petitioner fails to state a claim upon which relief can be granted under § 2241 and his pleading should not be recast as a § 2254 petition.

Petitioner, who appears *pro se*, has filed a timely Objection [Doc. No. 10]. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner primarily objects to Judge Erwin's conclusions that the Petition appears to challenge, in Ground One, a state court conviction for which Petitioner is now confined at Joseph Harp Correctional Center and, in Ground Two, Oklahoma procedural rules and laws. Petitioner insists that this action "is a simple matter of [his] detention being in

violation of clearly established federal law, constitution, and treaty (see attached)." *See* Obj. at 1. The attached document appears to be a copy of a paper memorializing "the order given by Major Whittles at Fort Dearborn Sept. 28, 1832" for the protection of "the familys [sic] of the Kickapoo Indians, thirty seven in number." *See id*. at 3. Beyond that, the Court is hard pressed to determine the nature of Petitioner's objection, which invokes: 1) principles of res judicata and collateral estoppel; 2) *Murphy v. Royal*, 866 F.3d 1164, 1189-90 (10th Cir. 2017), *modified on denial of reh'g en banc*, 875 F.3d 896 (10th Cir. 2017); and 3) *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 2651 (2016) (Stevens, J., concurring in judgment).

Upon *de novo* consideration of the issues raised by Petitioner's Objection, the Court finds no viable basis to permit this case to proceed as a habeas action under § 2241. Further, taking judicial notice of pertinent case files and records, the Court notes that Petitioner recently sought habeas relief from his state court conviction and sentence under 28 U.S.C. § 2254, but his petition was denied as untimely. *See Akothe v. Bear*, Case No. CIV-17-693-D, 2017 WL 4512582 (W.D. Okla. Oct. 10, 2017), *COA denied*, 707 F. App'x 568 (10th Cir. 2017). In that case, Petitioner relied on a copy of the same 1832 document submitted in this case. *See Akothe v. Bear*, Case No. CIV-17-693-D, Pet. attach.1 (W.D. Okla. June 23, 2017). Petitioner also claimed, as he appears to claim in this case, that the state court "process denied [him] due process and was inadequate to protect [his] federal rights." *See id*. Pet. at 9 (ECF pge numbering). Petitioner cannot avoid an unfavorable result in his § 2254 action by seeking relief under § 2241.

For these reasons, the Court fully concurs in Judge Erwin's findings that the Petition fails to state a claim cognizable under § 2241 and his recommendation for the dismissal of the Petition without prejudice to a future filing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without prejudice. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this 21st day of February, 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE